UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSE A. ADAMES,

                Petitioner-Appellant,

   v.                               USDC Case No. 18-C-362

                                      USCA Case No. 18-3116

WARDEN BRIAN FOSTER,

                Respondent-Appellee.

## ORDER GRANTING MOTION FOR LEAVE TO APPEAL
## WITHOUT PREPAYMENT OF THE FILING FEE

Petitioner filed a notice of appeal from my order denying him relief under 28 U.S.C. § 2254. ECF No. 16. He has now filed a motion for leave to proceed on appeal *in forma pauperis*. ECF No. 23. Petitioner is a prison inmate without significant income and thus clearly meets the indigency requirement of a motion for leave to proceed without prepaying the full filing fee. Because his appeal is from the denial of a petition for relief under § 2254, the initial partial filing fee provisions of the Prisoner Litigation Reform Act (PLRA) do not apply. *See Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000) (holding that "the PLRA does not apply to any requests for collateral relief under 28 U.S.C. §§ 2241, 2254, or 2255"). Section 1915(a)(3) also states, however, that an appeal may not be taken *in forma pauperis* if the district court certifies in writing that the appeal is not taken in good faith. "Good faith" is an objective standard. *Coppedge v. United States*, 369 U.S. 438, 446 (1962); *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). An appeal is taken in "good faith" if it seeks review of any issue that is not clearly frivolous, *Coppedge*, 369 U.S. at 445; *Lee*, 209 F.3d at 1026,

meaning that a reasonable person could suppose it to have at least some legal merit. *Lee*, 209 F.3d at 1026.

The good faith standard is more lenient than the standards for granting a certificate of appealability. *Walker*, 216 F.3d at 631–32. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To obtain a certificate of appealability, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, I denied a certificate of appealability because I concluded that jurists of reason would not debate the outcome. Nevertheless, Petitioner's appeal from my decision satisfies the good faith standard to proceed *in forma pauperis* on appeal. Therefore, his motion for leave to appeal without prepayment of the filing fee (ECF No. 23) is **GRANTED**.

**SO ORDERED** this  11th  day of October, 2018.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court

2